THOMAS HOUGHTON, APPELLANT, v. HANNAH HOUGHTON AND OTHERS, RESPONDENTS.

*Voluntary conveyance in expectation of death—when the grantor may revoke it although no power of revocation is reserved.*

This action was brought to have a conveyance of certain real estate from the plaintiff to one Motsiff, and from Motsiff to the plaintiff's wife, set aside. The complaint alleged that the plaintiff, being very sick and not expecting to live, and in view of his death was induced and persuaded to execute the deed, in order that the property might be conveyed to his wife; that there was no consideration for it; that the matter was talked over between the plaintiff and his wife, and that she said that she believed he was in his last sickness and could not long survive, and that by deeding the property to her it would save the expense of an administration upon his estate and that he should not want for anything for his comfort as long as he lived; that he had demanded a reconveyance of the property, which had been refused, and that he had been ill-treated by his wife and her grantee, his son.

*Held*, that although the gift could not be treated as one made *mortis causa*, and therefore revocable, for the reason that real estate cannot be so given, yet a court of equity had power to set aside the conveyance as made under a mutual mistake of fact, that is, under the erroneous expectation of the plaintiff's speedy death, and under a mistaken belief that the plaintiff could revoke the gift at any time during his life.

APPEAL from a judgment, entered upon the decision of the court, on trial at the Oneida Special Term, directing the dismissal of the complaint as not stating facts sufficient to constitute a cause of action.

The complaint stated that the defendant Hannah Houghton was the wife of plaintiff, they having intermarried about 1844, and that the defendant John Houghton was their son; that on the 15th May, 1874, the plaintiff was the owner in fee of about seventy-two acres (describing it) in the town of Westmoreland, Oneida county, and on that day, "being at the time very sick and not expecting to live, and in view of death, was induced and persuaded to execute, acknowledge and deliver to the defendant Motsiff a deed of the said several pieces of land heretofore described, so that he might deed the same to the defendant Hannah Houghton; that it was in fact all for the benefit of said defendant Hannah Houghton; that there was no consideration for said conveyance to the defendant Motsiff

passing between the parties; that it was done for the purpose of passing the title to said property to the defendant Hannah Houghton;" that on the same day Motsiff executed and delivered to the defendant Hannah a deed of the said premises, the consideration expressed in each of said deeds being one dollar; that the plaintiff deeded the said property to his wife "for no other consideration than that he believed he was about to die; that the matter was talked over between himself and the defendant Hannah Houghton at the time aforesaid; that she told plaintiff that she believed he was in his last sickness and could not long survive, and that by deeding the property to her it would save the expense of an administration upon his estate; that Fanny Houghton, a daughter of said plaintiff and defendant, urged the matter; that said defendant Hannah Houghton said that he should not want for anything for his comfort as long as he lived, and plaintiff, as' aforesaid alleged, in view of death and believing that he was in his last sickness, and for no other consideration whatever, deeded said property before described to his said wife;" that in May, 1876, the defendant Hannah deeded the property to the defendant John Houghton without consideration, and that John had full knowledge of the circumstances under which plaintiff gave the deed, and that plaintiff could revoke the same at any time before his decease; that the defendants Hannah and John are now living on the property and have been since May, 1874, and receiving the avails thereof; that the plaintiff has demanded of each of them a reconveyance, and notified them that he revoked the said conveyance to his wife and desired the property back, and they each refuse to reconvey or give him possession; that he has received board on the farm a part of the time, but of poor quality and insufficient, and has been ill-treated in divers particulars by said Hannah and John. Judgment is demanded declaring the deeds null and void or directing a reconveyance, and for an accounting and for general relief.

The defendants Hannah and John Houghton answered upon the merits.

*W. E. Scripture,* for the appellant

*A. Coburn,* for the respondents.

MERWIN, J. :

The question before us is whether, assuming all the facts stated in the complaint to be true, the plaintiff is entitled in a court of equity to any relief.

One theory presented on the part of the plaintiff is that the conveyance to the wife through the medium of Motsiff was in the nature of a gift *mortis causa*, and therefore it was revoked, or revocable, upon the plaintiff's recovery from his illness (2 Kent, 444), or, as it is said of such gifts in *Grymes* v. *Hone* (49 N. Y., 20), was until death subject to his personal revocation. This theory is upon the assumption that real estate may be the subject of such gifts. That assumption is not warranted by legal authority. The authorities are in fact all the other way ; rather, however, by way of statement of what the law is than by any direct adjudication where the question was up, except .the case of *Meach* v. *Meach* (24 Vt., 591). There it was held that a deed of all his real estate by the husband directly to the wife in prospect of death, which soon occurred, could not be upheld as a gift *mortis causa*, as that applied only to personal property.

Judge REDFIELD, in that case, says : "We can entertain no doubt that had the grantor recovered his health, and the grantee by her friends claimed to hold the property against him as a gift, a court of equity would have decreed a complete restitution upon the ground that the contract, as a present operative contract, was made under a material misapprehension of the important facts, the real consideration for the contract having in fact altogether failed."

This remark of Judge REDFIELD was *obiter*, and still it presented the opinion of an eminent judge, and it is cited on the part of the plaintiff as indicating another ground or theory upon which the deed in question should be set aside. In the Meach case the deed was directly to the wife, and for that reason under the Vermont law was void at law, but sustainable in equity in a proper case. In *Forshaw* v. *Welsby* (30 Beavan, 243), a voluntary settlement on his family by a person *in extremis*, and not containing a power of revocation, was, upon the application of the settler upon his recovery, set aside upon the ground that it was executed in expectation of his immediate death, but not with the intention that it should be operative in case of his recovery, it being expressly

stated by the court that there was no undue influence or improper conduct on the part of the family. In *Wallaston* v. *Tribe* (L. R., 9 Eq., 44), it was held that a voluntary gift of real estate by deed, not subject to a power of revocation, but not meant to be irrevocable, may be set aside on application of the donor. There was no element of fraud or undue influence.

There are many English cases on the subject of voluntary settlements of real estate where there was no power of revocation. The absence of this is deemed a suspicious circumstance, and in such cases the rule seems to be that very slight evidence of mistake, misapprehension or misunderstanding on the part of a settlor will be laid hold of in a court of equity to set aside the deed. (1 Perry on Trusts [2d ed.], 96, note 2, and cases cited.) In *Garnsey* v. *Mundy* (24 N. J. Eq. [9 C. E. Greene], 243, 246) the rule is laid down by the chancellor that equity will set aside the settlement on the application of the settlor where it appears that he did not intend to make it irrevocable, or where the settlement would be unreasonable or improvident for the lack of a provision for revocation.

The general rule is that an act done or contract made under a mistake or ignorance of a material fact is voidable and relievable in equity (1 Story Eq., § 140), and an action lies for its rescission (*Smith* v. *Mackin*, 4 Lans., 41), although in general it cannot be reformed unless the mistake is mutual.

This principle includes executed as well as executory contracts (Story's Eq., § 159), and for the purpose of determining upon such mistake parol evidence is in equity admissible to qualify, correct or defeat the terms of written instruments. (2 Story's Eq., § 1531; 2 Whart. Ev., § 1054.) The authorities cited on the part of the defendant, on the proposition that the plaintiff cannot deny the consideration stated in the deed, do not apply to such cases. What will constitute a material fact, a mistake of which will furnish a basis for relief in equity, depends largely upon the circumstances of each particular case. Judge STORY says (sec. 141) that it must be essential to the character of the act or contract sought to be set aside and an efficient cause of its concoction.

In Bispham's Equity, 193, it is said the mistake may consist in the belief in the present existence of a thing material to the transaction which does not exist.

Coming now to the case in hand here is a complaint in which it is alleged that the plaintiff while very sick, in view of death and believing that he was in his last sickness, and for no other consideration whatever, made to his wife a conveyance of apparently all his property; that the matter was talked over between them, the wife telling the plaintiff that she believed he was in his last sickness and could not long survive, and that by deeding the property to her the expense of an administration upon his estate would be saved. No fraud or undue influence is in terms alleged, but it is stated generally that the plaintiff was induced and persuaded to give the deed, and that the wife told the plaintiff that he should not want for anything for his comfort as long as he lived. According to these allegations it is very apparent that the expectation of speedy death was the most material circumstance in the transaction, and that not only the plaintiff, but his wife also, supposed that plaintiff's sickness was such that death would speedily result, and both acting on that belief the deed was given. In this both were mistaken, and the wife is now, according to the complaint, seeking to take an unconscionable advantage of a mistake that she not only participated in, but encouraged. This would present a basis for relief on the ground of mutual mistake.

It is also fairly inferable, from the allegations of the complaint, that the plaintiff did not intend to make his deed irrevocable except in case of his death, and that would furnish a basis for the action on the grounds recognized in the English cases above referred to, and the New Jersey case.

We are of the opinion that upon the case presented by the complaint the plaintiff was entitled to relief, that therefore a cause of action was stated, and the complaint was improperly dismissed at the trial.

The judgment should be reversed and a new trial granted, costs to abide event.

Present — HARDIN, P. J., and MERWIN, J.; FOLLETT, J., not sitting.

Judgment and order reversed and new trial ordered, with costs to abide event.